UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:13-cr-00054 (MPS) |
| | : | |
| v. | : | |
| | : | |
| DOMINIQUE MACK, | : | |
| KERONN MILLER, | : | |
| | : | |
| Defendants. | : | November 13, 2014 |

_____

## RULING ON MOTION TO SUPPRESS

The Court assumes the parties' familiarity with the underlying facts of the case, a federal

criminal prosecution against Defendants Dominique Mack and Keronn Miller alleging, among other

things, a murder in furtherance of a conspiracy to tamper with a witness.

Defendant Dominique Mack has moved to suppress historical cell site location information

obtained by the Government in its investigation (ECF Nos. 101,102, amended by ECF Nos. 115,

116). The cell site data shows which cell towers a particular cell phone communicated with at

specific times, thereby providing information about the approximate location of the phone at those

times. To access data for the phone allegedly used by Mr. Mack, the Government obtained a court

order under the Stored Communications Act, specifically 18 U.S.C. § 2703(d) ("Section 2703(d)"),

which requires the Government to "offer[] specific and articulable facts showing that there are

reasonable grounds to believe that the contents of a wire or electronic communication, or the

records or other information sought, are relevant and material to an ongoing criminal

investigation"—a lower threshold than probable cause. The order was signed on November 14,

2011, by United States Magistrate Judge Donna F. Martinez. Mr. Mack contends that the cell site

location information obtained pursuant to the order should be suppressed because it was obtained

without a warrant supported by probable cause. For the reasons set forth herein, the Court denies the motion to suppress.

Even assuming, as Mr. Mack has argued, that the Government unconstitutionally obtained data about the location of his cell phone between December 20 and December 22, 2010, the data will be suppressed under the exclusionary rule only if, viewing the facts objectively, "'a reasonably well trained officer would have known that the search was illegal' in light of 'all of the circumstances.'" *Herring v. United States*, 555 U.S. 135, 145 (2009) (quoting *United States v. Leon*, 468 U.S. 897, 922 n.23 (1984)). In applying this so-called "good faith exception," the Court is permitted to use its discretion in deciding whether to reach the merits of the underlying Fourth Amendment issue before addressing whether a reasonably well trained officer would have known that the search was illegal. *Pearson v. Callahan*, 555 U.S. 223, 241-42 (2009). In this case, the Court finds that it is unnecessary to reach the merits of the Fourth Amendment issue because it is clear that the good faith exception applies.

"Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law." *Illinois v. Krull*, 480 U.S. 340, 349-50 (1987). The purpose of the exclusionary rule is to deter police misconduct, not to deter legislatures from passing certain laws, and a search executed in reliance upon a statute is objectively reasonable unless there is a "defect in the statute" that is "sufficiently obvious." *Id.* at 359. Because Mr. Mack's cell site location data was obtained in accordance with an order issued by Judge Martinez under the authority of Section 2703(d), the data will be suppressed only if Section 2703(d) itself was "clearly unconstitutional" at the time the data was acquired.

The statute was not "clearly unconstitutional" at the time the Government acquired Mr. Mack's records on November 14, 2011. Although there was no controlling Supreme Court or Second Circuit case law squarely addressing the constitutionality of Section 2703(d), statutes are

2

presumed to be constitutional. *Krull*, 480 U.S. at 351. Indeed, case law within this circuit supports the conclusion that orders issued under Section 2703(d) up to now are, at least, covered by the good-faith exception. The Second Circuit held last year that Section 2703(d) was not "clearly unconstitutional" at the time of an order issued by a magistrate judge on June 3, 2008. *United States v. McCullough*, 523 F. App'x 82, 84 (2d Cir. 2013). An even more recent case from the Southern District of New York held, without deciding whether Section 2703(d) was constitutional, that the good-faith exception should apply to an order for cell site information obtained under Section 2703(d). *United States v. Serrano*, No. 13 CR. 58 KBF, 2014 WL 2696569, at *7 (S.D.N.Y. June 10, 2014).

Mr. Mack has cited the 2010 Third Circuit case of *In re Application of U.S. for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to Gov't*, 620 F.3d 304, 317 (3d Cir. 2010), for the proposition that Section 2703(d)'s constitutionality had already been "questioned" when the Government sought Mr. Mack's phone records in November 2011. But in that case, the Third Circuit discussed the statute's constitutionality only in passing without reaching a conclusion, and ultimately remanded the case to the district court with instructions to apply Section 2703.

At the time the order in this case was obtained, the case that had raised the greatest doubt about Section 2703(d) was *In re Application of the U.S. for an Order Authorizing the Release of Historical Cell-Site Info.*, 809 F. Supp. 2d 113, 127 (E.D.N.Y. 2011), which was decided on August 22, 2011. The court held that, where the Government sought 113 days' worth of cell site location data—an enormous accumulation of information about a person's location—a finding of probable cause was necessary, notwithstanding that Section 2703(d) would permit the Government to obtain a court order requiring release of cell site information under a lower standard of proof.

But the court in *In re Application of the U.S.* did not declare Section 2703(d) unconstitutional. And in light of the Second Circuit case of *United States v. Pascual*, 502 F. App'x 75 (2d Cir. 2012), *cert. denied*, 134 S. Ct. 231 (2013), which referred to *In re Application of the U.S.* as being "(at the very least) in some tension with prevailing case law," *id.* at 80, the holding in the case hardly reflected binding authority or settled constitutional law. Furthermore, the holding in *In re Application of the U.S.* turned on the long period of time—113 days—for which the Government was seeking phone records. In a subsequent case from the Southern District of New York that did not involve such a long "dragnet-type" period of surveillance, the court did not require probable cause to grant an application for cell site information. *In re Application of the U.S.A. for an Order Pursuant to 18 U.S.C. 2703(c), 2703(d) Directing AT & T, Sprint/Nextel, T-Mobile, Metro PCS, Verizon Wireless*, No. M-50, 2014 WL 4388397, at *7 (S.D.N.Y. May 30, 2014). In the case at bar, the application for Mr. Mack's records covered only a three-day period.

Thus, while the constitutionality of warrantless orders for cell site data had been "questioned" prior to the Government's application, Section 2703(d) was not "clearly unconstitutional," much less clearly unconstitutional as applied to an application for only three days' worth of data. The Government was therefore objectively reasonable in relying on the legal standard set out in Section 2703(d) when seeking Mr. Mack's cell site data. The motion to suppress is denied.

**SO ORDERED** this 13th day of November, 2014, at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge

4